Argued March 4, affirmed March 18, petition for rehearing denied
April 15, 1959

## STATE OF OREGON *v.* SKYLES

### 336 P. 2d 901

*Wm. R. Thomas* and *Maurice M. Orona,* Lebanon, argued the cause for appellant. On the brief were Morley, Thomas & Orona, Lebanon.

*Courtney Johns,* District Attorney for Linn County, filed a brief and argued the cause for respondent.

Before McAllister, Chief Justice, and Lusk, Perry and Crawford, Justices.

CRAWFORD, J. (Pro Tempore)

Defendant appeals from judgment on verdict of guilty of the crime of burglary. (ORS 164.230) He presents two assignments of error.

No. 1. The court erred in giving the following instruction:

"I also instruct you that the law provides as follows: All persons concerned in the commission of a felony or misdemeanor, whether they directly commit the act constituting the crime or aid and abet in its commission, though not present, are principals and shall be indicted, tried and punished as principals. For one party to abet another in the commission of a crime simply means to assist by act or counsel or both aid and counsel in the commission of such offense." (The first sentence is a direct quote from ORS 161.220)

No. 2. The court erred in denying defendant's motion for a mistrial based on final argument of the District Attorney.

The indictment charges a crime under ORS 164.230. It reads in part:

"James Edward Skyles and Earl DeCosta, then and there acting together, and each aiding, abetting and assisting the other, on the 30th day of November, A.D., 1957, then and there being did then and there unlawfully and feloniously break and enter a dwelling house, with intent to commit a crime therein, towit: then and there unlawfully and feloniously take, steal and carry away the goods and chattels of another in said dwelling house then and there being, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

■ DeCosta plead guilty and testified. Defendant Skyles criticizes the instruction on the sole ground that there was no evidence of aiding and abetting not being present, and that the court failed to explain to the jury the difference between one who aids and abets and an accessory after the fact. No such request was made, however. In his brief defendant argues that in

submitting the issue of aiding and abetting not being present, a new issue was injected into the case which constituted a departure from the theory of direct participation on which the state had primarily relied. We find no basis for claim of prejudice or error grounded on any change of position by the state. The evidence developed the pattern of the incident from its inception including aiding and abetting not being present. Defendant argues ". . . the court in effect said that the jury could consider all these other facts which occurred after the commission of the crime, and base their conviction upon such subsequent facts." The instruction cannot be so interpreted. *State v. Rosser,* 162 Or 293, 86 P2d 441, 87 P2d 783, 91 P2d 295 and *State v. Keelen,* 103 Or 172, 203 P 306; 204 P 162; 204 P 164, cited by defendant, are readily distinguishable. In the Rosser case "after" was used in the challenged instruction. This was held error but was later corrected. In the Keelen case the court said that the vice of the instruction given was in instructing the jury concerning possession, "as though the evidence was susceptible to the construction (squarely opposed to the uncontradicted direct evidence) that defendant committed such acts, or was present when they were committed." No such situation is here present. In our case there is evidence of aiding and abetting not being present which may be said to contradict the "direct evidence" of presence and participation.

In his brief defendant states:

"It is the position of the appellant in this case that before he could be convicted as an aider and abetter under ORS 161.220 that there would have to be evidence connecting him in some manner before the occurrence of the fact, and that evidence alone linking him with the commission of the crime

after the occurrence cannot be used as the basis for an instruction telling the jury that he can be found guilty as a principal."

Let us consider the evidence.

The crime was committed in Albany, Oregon, at approximately 8:30 p. m., November 30, 1957. Defendant and DeCosta both lived in Lebanon and had spent some time together in Lebanon and the immediate vicinity the day before the incident as well as the afternoon and part of the evening of the day in question. There is evidence that defendant and DeCosta drove in defendant's car to Albany. The house was burglarized. A television set, shotgun, spinning reel fishing rod, combination knife and hatchet and other articles were stolen. About 9:00 p. m. the night of the burglary defendant and DeCosta brought the television set to the Winningham home in defendant's car. About 10:00 p. m. DeCosta drove the car to Lebanon where defendant and DeCosta unloaded the television set, the shotgun and other stolen articles. Defendant had the shotgun in his possession when arrested. Defendant's car was used in the burglary. Defendant admitted going with DeCosta to the home of a friend where together they moved the articles into the friend's house. We have included in this summary only such evidence as we think is germane to the issue of aiding and abetting not being present. Defendant denied all participation direct or by aiding and abetting and contended he loaned the car to DeCosta so he might visit his girl friend and contended he had no knowledge of any unlawful act or intent by DeCosta. He sought to establish an alibi and offered some evidence in support thereof. The evidence of aiding and abetting not being present justified the challenged instruction. The jury was not allowed to convict on an alien theory

unsupported by evidence. They could have well found defendant was not actually present but nevertheless aided and abetted.

■ So far as the argument of the District Attorney is concerned, this was in response to defense counsel's argument and did not exceed reasonable limitations. It was not prejudicial. The trial court properly exercised its discretion in denying the motion for a mistrial.

We find no error.

Affirmed.